UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DANIEL CAMPBELL,**

   **Petitioner,**

 v.

**WARDEN, SOUTHEASTERN CORRECTIONAL INSTITUTION,**

   **Respondent.**

:

:

:

Case No. 2:23-cv-3332
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

## ORDER

This matter is before the Court on the Report and Recommendation issued by the Magistrate Judge on November 22, 2024. (R&R, ECF No. 13.) The Magistrate Judge made recommended that the Court deny Daniel Campbell's Petition for a Writ of Habeas Corpus (Petition, ECF No. 1), and that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the R&R would not be in good faith and deny Mr. Campbell's leave to file *in forma pauperis*. (*Id.*) Mr. Campbell timely objected. (Obj., ECF No. 18.)

For the reasons below, the Court **ADOPTS** and **AFFIRMS** the Report and Recommendation (R&R), and this action is **DISMISSED**.

## I. BACKGROUND

In December 2017, Mr. Campbell was released from state prison on community control. (ECF No. 6, PAGEID # 106–117.) As a term of his release, he was assigned a community control officer that conducted routine home checks

(among other things). (*Id.*) During a home check on August 1, 2018, Mr. Campbell's community control officer uncovered suspected pornographic images of minors on his cell phone. (*Id.*) That evidence led to a search warrant and, later, Mr. Campbell's arrest and indictment on nine felony offenses – one count of gross sexual imposition of a minor, five counts of illegal use of minor in nudity-oriented material or performance, and three counts of pandering sexually oriented matter involving a minor. (*Id.*, PAGEID # 37–43.)

Mr. Campbell moved to suppress the evidence, claiming that the community control officer's search was not based on reasonable grounds and was unlawful. (*Id.*, PAGEID # 47–62.) On November 4, 2019, the Court of Common Pleas of Fairfield County held a hearing and denied his motion to suppress. (*Id.*, PAGEID # 84–87.) Subsequently, Mr. Campbell entered a guilty plea to eight of the nine offenses, so he was sentenced to seven years imprisonment and was required to register as a tier one sex offender. (R&R.)

One month later, Mr. Campbell appealed to the Fifth District Court of Appeals, arguing that the trial court erred in denying his motion to suppress. (*Id.*, PAGEID # 672.) In August 2020, the Fifth District Court agreed, and reversed his conviction, explaining that the search violated Ohio law. (*Id.*)

The State appealed to the Ohio Supreme Court. (*Id.*) In considering the parties' briefing and arguments, the Ohio Supreme Court reversed the Fifth District Court, reasoning that the exclusionary rule did not apply. (*Id.*) Mr. Campbell filed his habeas corpus petition through counsel on October 9, 2022.  (Petition.)

## II. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Fourth Amendment protects against unlawful searches and seizures, however, "not all violations warrant habeas review." *Wood v. Warden, Noble Corr. Inst.*, No. 2025 WL 457037, at *5 (S.D. Ohio Feb. 11, 2025) (Watson, J.) "The Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial" provided that the State offered the petitioner "an opportunity for full and fair litigation of a Fourth Amendment claim[.]" *Stone v. Powell*, 428 U.S. 465, 482 (1976). "The 'opportunity for full and fair consideration means an available avenue for the prisoner to present his claim to the state courts,' and the habeas court does not inquire 'into the adequacy of the procedure actually used to resolve that particular claim.'" *Wood*, No. 2025 WL 457037, at *5 (quoting *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013)) (habeas review was denied because petitioner had a hearing on his motion to suppress).

## III. ANALYSIS

Mr. Campbell asserts a habeas petition on one ground – violation of the Fourth Amendment right against unreasonable searches and seizures. (Petition.)

3

But the state provided Mr. Campbell with a "procedural mechanism to litigate [his] Fourth Amendment" claim. (R&R, PAGEID # 676.) Indeed, Mr. Campbell moved the state trial court to suppress the evidence obtained by the alleged unreasonable search, there was a hearing on his motion, and he appealed the denial of such motion. (*Id.*) Given the state's "fair and full consideration" of his claim, the Magistrate Judge concluded that he is not entitled to federal habeas corpus relief. (*Id.*) (citing *Stone*, 428 U.S. at 482).

Mr. Campbell objected to the Magistrate Judge's finding, arguing that *Stone* does not apply to his case. (Obj., PAGEID # 686.) Although Mr. Campbell concedes that he had access to a hearing, he alleges that he did not receive a fair hearing. Nevertheless, he fails to distinguish his case from *Stone* or explain how his hearing was procedurally unfair.

The Court finds no error in the Magistrate Judge's conclusions or reasoning. As the Magistrate Judge correctly observed, *Stone* precludes habeas review because Mr. Campbell had a hearing on his Fourth Amendment claim. Nothing suggests that the hearing or appellate procedures were like "a sham proceeding" to justify federal habeas relief. *Good*, 729 F.3d at 639. Mr. Campbell's bare assertion that his hearing was unfair is insufficient. *Id.* The central question is whether he had access to a hearing. *Wood*, No. 2025 WL 457037, at *5. The Magistrate Judge answered this question in the affirmative (R&R, PAGEID # 675), and the Court agrees. Mr. Campbell has not submitted a cognizable claim for federal habeas review, thus the Magistrate Judge's recommendation for dismissal is appropriate.

## IV. CONCLUSION

Mr. Campbell's Objections (ECF No. 18) are **OVERRULED**. The Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 13). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith.

The case is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to **TERMINATE** this case.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**